Council, if you step back. Are you a state's attorney? All right. Mr. Vance, would you please? You understand, sir, that you're here on the order that we entered because it raises a great concern that this case appeared on the DWP website. And this is a criminal matter and she has a constitutional right to both a direct appeal as well as effective assistance to counsel. And we're concerned that she may have been, may be adversely affected. And I understand your, please step forward, I understand your health problems and your other problems. But counsel, here's the bottom line. She needs, if it's a she, I'm not sure. He needs to get this case properly before us. The record hasn't been prepared and this is dating back more than a year. I think you should seriously consider seeking leave to withdraw and allow us to appoint a state appellate defender or a public defender so that this case can get resolved. Otherwise, we will, you know, the situation could worsen. And I want to direct your attention to today's Chicago Tribune where there was an article regarding a lawyer that was fined $5,000 from the Seventh Circuit for his failure to comply with the rules. And I think you've failed to comply with our rules so far because we had an order directing you to file the record as well as the brief by a certain time and you haven't? You haven't filed the record yet? But we can keep this very short, Mr. Vance, if you would answer the question whether you intend to withdraw. Aye. Let me know what you want to do. Let us know what you want to do. We don't take any filings in court. The filings have to be done through the clerk's office. But you can tell us what your intentions are. I intend to withdraw. I do not. I have fell ill to this illness on April 4, 2010. Right. To this illness. And I have not been able to prevent this illness. All right. Well, Mr. Vance, I just want to know whether, you know, regarding, you know, any issues that might be related to your representation of the defendant, those will have to be dealt with between you and the client. Our only concern is to make sure that his appeal is properly heard before us. And let me just ask you one more question. That is, the status of the record, it is still not filed and no transcripts are available yet? The status of the records have been. And I do have a copy of that. What? Of the record. I do have a copy of the record. Has a record been filed? No, the record has not been filed. All right. And do you have certified copies of everything to file for the record? Or are we going to leave the state of the appeal in its current state, which is no record? Are you going to do anything before you withdraw? Can you do anything before you withdraw? Not really. All right. Good enough. Then, Mr. Vance, this is the order of this court right now. You have one week to file your motion to withdraw, giving proper notice to your client pursuant to the rules. And we will rule on your motion expeditiously. And we can almost assure you that it will be favorably ruled upon to allow us this case to go forward. Okay? Any other questions? No. All right. Thank you very much, Mr. Vance, for appearing. On behalf of the state's attorneys, anything? No, Your Honor. All right. Thank you very much, Mr. Vance. If you do not comply with this oral order, and I will put it in writing, you understand that you could subject yourself to sanctions by this court. We want that motion to withdraw filed no later than one week from today. Thank you. All right. The court will take a five-minute break again, or a two-minute break.